**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GALE RENEE RUPERT,

    Defendant-Appellant.

No. 04-3466
(D.C. No. 04-CM-80023-JWL)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Gail Renee Rupert was convicted for mail fraud, and was sentenced to six months imprisonment with five years of supervised release. While serving supervised release, she violated its terms. The district court revoked her supervised release and sentenced her to the maximum sentence of three years imprisonment for her violations. She appeals her sentence, arguing that it is

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unreasonable. We affirm.

At sentencing, Ms. Rupert stipulated that during her term of supervised release, she intercepted approximately fifteen checks totaling approximately $22,000 that were sent by mail to her employer. She admitted that she deposited these checks into her own account without the knowledge or permission of her employer, and that she did not disclose these transactions to her probation officer. The district court found she had violated the conditions of her release because she committed another crime, failed to abide by certain special financial conditions, and failed to provide a truthful written monthly report. It explained its sentencing decision in the following manner:

> [T]his defendant has probably the most amazingly bad supervised release performance I've seen in 13 years in terms of turning right around after having been convicted and engaging in a pattern of lies and deception, theft, and showing absolutely no remorse for it.
> I believe the appropriate thing to do is to revoke her supervised release, give her the maximum under the statute of three years in prison, and hope that this time around she learns her lesson because I see no basis here to believe that continuing to treat her with any degree of flexibility is likely to benefit society or probably her. So that is what I intend to do.
> . . . .
> In addition to what I've already said, I've considered the nature and circumstances of the violations, the characteristics of the defendant, and the sentencing objectives required by statute. The court has also considered the advisory and nonbinding Chapter 7 policy statements issued by the Sentencing Commission. The court therefore intends to revoke the defendant's supervised release and sentence her to a term of three years with no supervised release to follow.

Rec., vol. I, doc. 18 at 26-27. The court further found:

The defendant's criminal behavior during her original offense of conviction involved defrauding employers and coworkers, obtaining these individuals' personal information, such as names and social security numbers; she then used their identifiers to open up charge accounts. She was sentenced to a short period of incarceration and was released for supervision. She reverted back to that same form of criminal activity almost immediately after placement on supervised release. She has once again proven herself untrustworthy by defrauding her employer of a large sum of money. She also failed to comply with the objectives as outlined by the United States Probation Office and has demonstrated complete disregard for the court. The defendant's actions warrant the most severe penalty that can be levied by this court, and hopefully that will serve as a deterrent to future such behavior.

*Id*. at 27-28.

Ms. Rupert argues that her sentence is unreasonable because it exceeds the recommended term of confinement found in Chapter 7 of the United States Sentencing Guidelines, it is significantly greater than the guideline range applicable to her conduct had she been separately prosecuted in federal court, and it is more than double the punishment that would have been imposed in a similar state court prosecution.

"[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1240-41 (10th Cir. 2005) (quoting *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004) (internal brackets omitted)). In imposing a revocation sentence, the district court must

consider the factors listed in various subsections of 18 U.S.C. § 3553(a)[1] and state

the reasons for its sentence. *United States v. Kelley*, 359 F.3d 1302, 1304-05

(10th Cir. 2004). It must also consider the policy statements in Chapter 7 of the

Sentencing Guidelines, but those "policy statements recommend a range of

imprisonment upon revocation of supervised release, and are advisory rather than

mandatory in nature." *Id.* at 1305 (quotation marks omitted). In conducting our

analysis, we review the district court's findings of fact for clear error, and its

legal interpretations of the Sentencing Guidelines *de novo*. *Id.* at 1304 (citation

omitted).

The record demonstrates that the district court considered the factors set

forth in § 3553(a) in imposing the maximum sentence of three years. In

particular, it focused on the need for deterrence, protection of the public, and

correctional treatment of Ms. Rupert. It also stated that it considered the Chapter

---

[1] These factors include:
1) the nature and circumstances of the offense, 2) the history and
characteristics of the defendant, 3) the need for the sentence to afford
adequate deterrence to criminal conduct, 4) the need to protect the
public from further crimes of the defendant, 5) the need to provide
the defendant with needed training, medical care, or correctional
treatment, and 6) the sentencing range established under the
sentencing guidelines or the policy statements applicable to a
violation of supervised release.
*United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); *see also* 18 U.S.C.
§ 3553(a).

7 policy statements and viewed them as advisory. It characterized Ms. Rupert's conduct as "probably the most amazingly bad supervised release performance I've seen in 13 years" due to her repeated and unremorseful pattern of lying and theft. Rec., vol. I, doc. 18 at 26. The district court's sentencing decision was reasoned, and there is nothing in the record that demonstrates it was not reasonable.

Ms. Rupert asserts that the best measure of reasonableness is a reference to the guideline sentence for the offensive conduct underlying the supervised release revocation. We have held that when sentencing for violation of the terms of supervised release, the district court does not have a duty to consider the guideline range applicable to the defendant's original offense. *Kelley*, 359 F.3d at 1306, 1307 (noting that we have repeatedly "approved sentences above the Chapter 7 range without any indication that the district court considered the sentencing range that originally applied to the underlying offense"). Nor are we persuaded the court has a duty to consider the sentence that would have been imposed for the revocation violation conduct in either federal or Kansas state court, as asserted by Ms. Rupert. Because the revocation sentence primarily sanctions a defendant's breach of trust, supervised release violators are not in a comparable position to defendants facing initial sentencing for commission of the crime underlying the revocation of supervised release. *Cf.* at 1307.

For the foregoing reasons, we **AFFIRM** Ms. Rupert's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge